IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                    PLAINTIFF

V.                              NO. 05-6006

DON EASLEY and
RICHARD PERCEFULL                                                    DEFENDANTS

ORDER

Currently before the Court is State Farm's ("Plaintiff") motion in limine regarding the use of the definitions of an "employee" contained within the Arkansas' Wage Discrimination and Workers' Compensation laws (Docs. 43 & 44) and Separate Defendant Richard Percefull's Response (Doc. 46).

This is a diversity Declaratory Judgment action against Separate Defendants Easley and Percefull concerning an insurance contract. Easley was seriously injured while assisting Percefull in transporting property with a truck and trailer owned by Lois Delarosa, Plaintiff's named insured. Plaintiff seeks to preclude coverage based upon an exclusion to the policy which does not provide coverage for bodily injury to employees of an insured arising out of their employment. Plaintiff contends Easley was an employee of Percefull at the time of the injury.

Percefull seeks to use as an exhibit portions of Arkansas Code Annotated §§ 11-9-102 and 11-4-607, which define the word "employee". Plaintiff seeks to exclude any references to the definition of "employee" in those statutes pursuant to Federal

Rules of Evidence 401, 402, and 403.  Percefull responds that the exhibits will aid the jury in determining whether Easley was an "employee" under the terms of the policy at the time of the accident.

This Court has previously determined the policy exclusion is unambiguous.  (Doc. 37).  Likewise, the word "employee", as reflected in the policy exclusion, is unambiguous.  Where there is no ambiguity, contracts of insurance, like other contracts must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. *Walker v. Countryside Casualty Co.,* 239 Ark. 1085, 1087 (1965) (quoting *Quinn v. State Farm Mutual Automobile, Ins.,* 238 S.C. 301, 120 S.E.2d 15, 16).  It would be improper to use the definitions of "employee" as sought by Separate Defendant Percefull and accordingly, Plaintiff's motion in limine is GRANTED.  However, this evidence could become relevant but the Court should be addressed at bar side out of the presence of the jury before directing questions in this area.  Jury Trial remains scheduled for January 23, 2006, at 9:00 a.m.

IT IS SO ORDERED this 11th day of January, 2006.

/s/Robert T. Dawson
Robert T. Dawson
United States District Judge